UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LION FEDERAL CREDIT UNION,

       **Plaintiff,**

                                         Case No. 1:24-cv-163

       v.

                                         JUDGE DOUGLAS R. COLE

WORLDPAY, LLC,

       **Defendant.**

## SUPPLEMENT TO THE APRIL 19, 2024, OPINION AND ORDER

In the Court's April 19, 2024, Opinion and Order granting in part and denying in part the motion to dismiss filed by Defendant Worldpay, LLC, the Court applied the standard rule governing transfers pursuant to 28 U.S.C. § 1404(a), which requires the transferee court to use the transferor court's applicable conflict-of-law rules. (Doc. 57, #23 (citing *Van Dusen v. Barrack*, 376 U.S. 612, 642 (1964))). Doing so here led the Court to apply Arkansas's conflict-of-law rules. (*Id.*). The Court had offered the parties an opportunity to file additional briefing following the transfer to supplement their arguments, including about the governing law. (4/4/24 Min. Entry; Doc. 57, #22). But as no party had, the Court applied the standard rule about conflict-of-law from *Van Dusen.* However, it has since come to the Court's attention that it misstated the law in one respect (though as noted below correcting the misstatement does not change the ultimate result). Namely, the Supreme Court has since ruled that there is an exception to the general rule set forth in *Van Dusen* when the § 1404(a) transfer is ordered pursuant to the parties' negotiated forum selection clause. *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 64–66 (2013). In that

circumstance, the transferee court (i.e., the court the parties selected in their contract's forum selection clause) should apply the transferee court's own conflict-of-law rules. *Id.* So the Court should have applied *Ohio* conflict-of-law rules, not those of Arkansas. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941).

It turns out, though, that this mistake does not matter. This is because the reasoning and outcome of the Court's Opinion and Order would remain the same, even under Ohio conflict-of-law rules. Under both states' rules, a choice-of-law provision in a contract governs claims under that contract so long as there is a substantial relationship between the forum chosen (here Ohio) and the parties' transaction. *Schulke Radio Prods., Ltd. v. Midwestern Broad. Co.*, 453 N.E.2d 683, 686 (Ohio 1983); *Cooper v. Cherokee Vill. Dev. Co.*, 364 S.W.2d 158, 161–62 (Ark. 1963). And the Court found that there was a substantial connection here.[*] (Doc. 57, #25). So Ohio substantive law governs the common-law contract claims Plaintiff Lion Federal Credit Union raised in its Complaint, as the Court previously held. (*Id.* at #25–27).

In addition, Ohio law, like Arkansas law, similarly characterizes a claim alleging a breach of a duty arising under the terms of a contract as sounding in contract law, not in tort law, even if dressed up in the language of tort. *Textron Fin. Corp. v. Nationwide Mut. Ins. Co.*, 684 N.E.2d 1261, 1270 (Ohio Ct. App. 1996); *L.L.*

---

[*] And because the Court found (and has no reason to disturb its finding) that there is a sufficient nexus between the parties' action and the state of Arkansas, the mistake as to the applicable conflict-of-law rules does not alter the Court's determination that Arkansas's statutory law could still apply to this dispute notwithstanding the parties' contractual choice to have Ohio law apply to their contract claims. (Doc. 57, #26 n.5).

*Cole & Son, Inc. v. Hickman*, 665 S.W.2d 278, 281 (Ark. 1984). Accordingly, applying Ohio conflict-of-law rules (instead of Arkansas conflict-of-law rules), the Court would still properly characterize the nominally styled tort claims Lion raised in its Complaint as disguised contract claims governed by Ohio law. *See Williams v. NAACP*, 135 N.E.3d 1260, 1268 (Ohio Ct. App. 2019) (implied duty of good faith and fair dealing claim is subsumed into a breach of contract claim); *Ark. Res. Med. Testing, LLC v. Osborne*, No. 10-750, 2011 WL 1423993, at *2–*3 (Ark. Apr. 14, 2011) (same); *see also Castle Hill Holdings, LLC v. Al Hut, Inc.*, 2006-Ohio-1353, ¶ 96 (8th Dist.) (holding that a nominal tortious interference claim that alleges that the breach of a contract resulted in downstream harms to third parties is actually a disguised breach of contract claim); *Hickman*, 665 S.W.2d at 281 (same).

Simply put, the Court's error as to the applicable conflict-of-law rules had no effect on the Court's ultimate determination in its prior Opinion and Order. Under either Arkansas or Ohio conflict-of-law rules, the governing law as to each of the claims would come out the same as previously determined. The Court therefore will not disturb its prior ruling—but it provides this Supplement simply to set the record straight for all parties involved regarding the proper conflict-of-law analysis that the Court should have applied.

    **SO ORDERED.**

May 24, 2024
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**